No. 26-1575

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

REACH COMMUNITY DEVELOPMENT, et al.,

Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the District of Oregon

## REPLY IN SUPPORT OF
## MOTION FOR IMMEDIATE ADMINISTRATIVE STAY

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. McARTHUR
*Deputy Assistant Attorney General*

MARK R. FREEMAN
AUGUST FLENTJE
BRENNA H. SCULLY
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 880-6114*

The Court should grant an immediate administrative stay pending resolution of the government's motion for a stay pending appeal of the preliminary injunction.

1.      As explained in the government's motion, the government suffers irreparable injury every day that federal law-enforcement officers are improperly enjoined from using critical nonlethal crowd-control devices in response to violent, disruptive, or unlawful protests near the Portland ICE facility. Motion 15-21; *see Tincher v. Noem*, 164 F.4th 1097, 1100 (8th Cir. 2026) (per curiam) ("[T]o the extent the injunction's breadth and vagueness cause federal agents to hesitate in performing their lawful duties, it threatens to irreparably harm the government and undermine the public interest."). The injunction also irreparably injures the government because, by "prevent[ing] the Government from enforcing its policies against nonparties," the injunction violates fundamental separation-of-powers principles. *Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025); *see also Chicago Headline Club v. Noem*, --- F.4th ----, No. 25-3023, 2026 WL 622677, at *5 (7th Cir. 2026) (per curiam) (orders of this kind "impermissibly infringe[] on separation of powers principles" by "effectively establish[ing] the district court as the supervisor" of the Executive Branch's law-enforcement activities). At any point, violent, disruptive, or unlawful protests could arise—beyond the government's power to control or predict—where the use of crowd-control devices would be appropriate. But because the injunction usurped the Executive Branch's law-enforcement authority, federal officers would be unable to deploy such devices without risking contempt.

1

**2.** The preliminary injunction entered in *Dickinson v. Trump*, No. 3:25-cv-02170-SI (D. Or. Mar. 9, 2026), Dkt. 156, does not lessen the government's need for an administrative stay in this case. Response at 5-7. The government has appealed that injunction and will shortly request both a stay pending appeal and an immediate administrative stay. Notice of Appeal, *Dickinson v. Trump*, No. 3:25-cv-02170-SI (D. Or. Mar. 17, 2026), Dkt.165; *Dickinson v. Trump*, No. 26-1609 (9th Cir.).

In any event, the *Dickinson* injunction imposes different restrictions than the injunction currently before this Court. Most significantly, the *Dickinson* injunction prohibits federal officers from using chemical irritants "unless the specific target . . . poses an imminent threat of physical harm to a law enforcement officer or other person" or "unless the specific target . . . exhibits, at a minimum, active resistance." Order, *Dickinson v. Trump*, No. 3:25-cv-02170-SI (D. Or. Mar. 9, 2026), Dkt.156, at 2; *see id.* at 3 ("Nothing in this Order shall prevent an Enjoined Person from using proportional force, including less lethal weapons, on any individual who poses an imminent threat of physical harm to a law enforcement officer or other person."). But the injunction before this Court prohibits the use of chemical irritants "unless . . . necessary to address an imminent threat to life." Dkt.75, at 57. Thus, the *Dickinson* injunction appears to permit the use of chemical irritants in circumstances this injunction prohibits: where the target poses an imminent threat of physical harm or is actively resisting but does not pose "an imminent threat to life." Because the *Dickinson* injunction does not duplicate the injunction entered in this case, an

administrative stay (followed by a stay pending appeal) of this injunction remains warranted.

Plaintiffs themselves made this argument to the district court in response to a request for supplemental briefing about the effect of preliminary injunction proceedings in *Dickinson*. Plaintiffs argued that the "significant legal and factual differences mean that a preliminary injunction in *Dickinson* will not necessarily afford Plaintiffs here with (1) durable, (2) enforceable, and (3) complete relief while their claims are litigated to final judgment." Dkt. 73, at 6. Plaintiffs emphasized that "in all events, an injunction tailored to the *Dickinson* plaintiffs' First Amendment claims is unlikely to fully protect Plaintiffs from the violations of their substantive due process rights here." Dkt.73, at 2. As one specific example, plaintiffs argued to the district court that the *Dickinson* injunction "would not necessarily cover instances, documented in this case, where Defendants have fired chemical munitions without 'target[ing]' any individual." Dkt.73, at 8.

Indeed, the overlapping nature of the injunctions poses further irreparable harm to the government: federal officers may face multiple enforcement actions under different standards in duplicative contempt proceedings arising from circumstances where the use of chemical irritants was required in response to dangerous protests near the Portland ICE facility.

3

For these reasons and the reasons set forth in the government's motion, the Court should grant an immediate administrative stay pending consideration of the government's motion.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
AUGUST FLENTJE
 */s/ Brenna H. Scully*

BRENNA H. SCULLY
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 880-6114*
  *Brenna.scully@usdoj.gov*

MARCH 2026

4

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) and Local Rules 27-1(d) and 32-3 because it contains 741 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Brenna H. Scully*
Brenna H. Scully

5