UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REACH COMMUNITY DEVELOPMENT; et al.,<br><br>Plaintiffs - Appellees,<br><br>and<br><br>SHAE ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>Defendants - Appellants. | No. 26-1575<br><br>D.C. No.<br>3:25-cv-02257-AB<br>District of Oregon,<br>Portland<br><br>ORDER |

Before: LEE, DE ALBA, and TUNG, Circuit Judges.

The court has received the government's emergency motion for a stay pending appeal, which includes a request for an immediate "administrative stay" pending full review of the emergency motion for a stay pending appeal. Dkt. No. 3. The request for a temporary administrative stay is GRANTED.

An administrative stay is intended to "minimize harm while an appellate court deliberates" and lasts "no longer than necessary to make an intelligent decision on the motion for stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 798-99 (2024) (Barrett, J., concurring). An administrative stay "does not constitute in any

way a decision as to the merits of the motion for a stay pending appeal." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). We "defer weighing the *Nken* factors until the motion for stay pending appeal is considered." *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (footnote omitted). Here, the administrative stay is granted to maintain the status quo.

The court orders expedited briefing for the motions to stay pending appeal and to stay district court proceedings. The response is due March 26, 2026 at 5:00 PM PST. The optional reply is due April 1, 2026 at 5:00 PM PST. Oral argument for this case and *Dickinson, et al. v. Trump, et al.* will be consolidated and will occur on April 7, 2026 at 10:00 AM PST. The argument will be heard virtually via Zoom.

2                                                                                                  26-1575

*Reach Community Development v. Department of Homeland Security*, No. 26-1575
de Alba, Circuit Judge, dissenting:

The government has not demonstrated that an administrative stay is warranted. Nowhere does the government reference the standard applicable to administrative stays in this circuit. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). Nor does the government show a sufficient exigency to justify changing the status quo. *See id.*

I respectfully dissent.